UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:19-CR-70-HAB |
| | ) | |
| CHRISTOPHER RITCHIE | ) | |

**OPINION AND ORDER**

Defendant Christopher Ritchie ("Ritchie") seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 58). He asks the Court to reduce his sentence because he was denied early release credit under the Residential Drug Abuse Program (RDAP) due to his firearms offense. Additionally, he contends that the harsh conditions of confinement due to COVID-19 lead to a more punitive sentence than the court intended. The Government opposes the motion in principal and because Ritchie has not exhausted his administrative remedies prior to filing his motion. (ECF No. 64). Ritchie did not file a reply. Because the Government is correct that Ritchie failed to exhaust his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

**DISCUSSION**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such

a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" Accordingly, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release.

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 64 at 6-8) a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

A review of Ritchie's own filings fail to show that Ritchie has met the exhaustion requirement. While he did make a request dated January 31, 2022, to the MIL/RIS Coordinator

(ECF No. 58 at 14), the sole basis for the request was his denial of early release credit for his participation in the RDAP. He made no mention of harsh conditions occasioned by the COVID-19 pandemic that now appear as an "extraordinary and compelling" reason in his motion for compassionate release in this court. Further, the Warden denied Ritchie's request on February 25, 2022. In that denial letter, Ritchie was advised that he could "initiate an administrative appeal in accordance with the Administrative Remedy Program." He was further advised that the appeal process begins with a BP-9 form. (ECF No. 58, p. 15). Ritchie has not provided any evidence that he followed that advice and engaged in the administrative appeals process. In short, Ritchie needed to, but did not, exhaust his administrative appeal remedies before filing his compassionate release motion and, for this reason, the Court must dismiss his motion.

## **CONCLUSION**

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 58).

SO ORDERED on August 18, 2022.

                                                s/ *Holly A. Brady*  
                                                JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT